IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS MCENTYRE,

      Plaintiff,                    No. CIV S-09-1845 EFB P

    vs.

MATTHEW CATE, et al.,

      Defendants.         ORDER
_____/

       Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed *in forma pauperis* will be granted.

       The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Long, Atkins, Clawford, Hoelm, Stamback, Evens, and Edwards, for violating plaintiff's privacy rights under the Fourth and Fourteenth Amendments. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendants Cate, Barnes or Ayers. Nor does the complaint state a claim based upon the Fifth, Sixth, or Eighth Amendments.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

Plaintiff's allegations relate to various strip searches that he has been subjected to while confined in the custody of the California Department of Corrections and Rehabilitations. While plaintiff names Cate, Barnes and Ayers as defendants, he does not include any allegations showing how they were personally involved in violating his rights. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Since plaintiff does not make any factual allegations as to these defendants, he cannot proceed against them unless he cures these deficiencies in an amended complaint.

Moreover, plaintiff purports to bring this action under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. As indicated above, he states cognizable Fourth and Fourteenth Amendment claims, however, his other claims are not cognizable. Plaintiff does not state a Fifth Amendment due process claim because he names only state actors as defendants. It is the Fourteenth, rather than the Fifth, Amendment that applies to state actors. Additionally, the protections of the Sixth Amendment do not apply here, as they only apply to criminal proceedings. *Hydrick v. Hunter*, 500 F.3d 978, 999 (9th Cir. 2007). These claims will therefore be dismissed without leave to amend. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Furthermore, searches conducted for the purposes of harassment may violate the Eighth Amendment. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff's allegations

3

regarding the various strip searches he was subjected to are insufficient to state a cognizable Eighth Amendment claim. Plaintiff will be given leave to amend to attempt to state a cognizable Eighth Amendment claim.

Plaintiff may proceed forthwith to serve defendants Long, Atkins, Clawford, Hoelm, Stamback, Evens, and Edwards and pursue his Fourth and Fourteenth Amendment claims against only those defendants or he may delay serving any defendant and attempt to state cognizable claims against defendants Cate, Barnes or Ayers, as well as a claim under the Eighth Amendment.

If plaintiff elects to attempt to amend his complaint, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Long, Atkins, Clawford, Hoelm, Stamback, Evens, and Edwards, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of the remaining claims, including those against defendants Cate, Barnes and Ayers without prejudice.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant.

4

Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

////

////

5

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff's Fifth and Sixth Amendment claims are dismissed without leave to amend. Plaintiff's Eighth Amendment claims and claims against defendants Cate, Barnes and Ayers are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable Eighth Amendment claim and/or to state a cognizable claim against defendants Cate, Barnes or Ayers. Plaintiff is not obligated to amend his complaint.

3. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Long, Atkins, Clawford, Hoelm, Stamback, Evens, and Edwards, for violating plaintiff's privacy rights under the Fourth and Fourteenth Amendments. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed July 6, 2009, seven USM-285 forms and instructions for service of process on defendants Long, Atkins, Clawford, Hoelm, Stamback, Evens, and Edwards. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and eight copies of the July 6, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Long, Atkins, Clawford, Hoelm, Stamback, Evens, and Edwards will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Cate, Barnes and Ayers, as well as his Eighth Amendment claims, without prejudice.

////

1. 4. Failure to comply with this order will result in dismissal.

Dated: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS MCENTYRE,

      Plaintiff,                    No. CIV S-09-1845 EFB P

    vs.

MATTHEW CATE, et al.,

      Defendants.                <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      __1__      completed summons form

      __7__      completed forms USM-285

      __8__      copies of the July 6, 2009 Complaint

Dated:

                                              Plaintiff